New England Window Co., Inc. *vs.* Louis J. Bacon.
Louis J. Bacon *vs.* New England Window Co., Inc.

NOVEMBER 9, 1964.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. These are cross actions of assumpsit which were tried together in the superior court to a jury. In the first case Louis J. Bacon, hereinafter referred to as "Bacon", was the defendant and in the second case he was the plaintiff against the New England Window Co., Inc., hereinafter referred to as "the company." In each case the jury returned a verdict in favor of Bacon and thereafter the company filed a motion for a new trial, which was granted by the trial justice. Each case is here on Bacon's bill of exceptions, his sole exception being to such decision.

The company brought its action against Bacon by writ of attachment dated June 30, 1960. In its declaration it claimed damages of $1,500 but in its bill of particulars such claim was limited to $951.13. It alleged in the bill that Bacon was indebted to it for such sum on account of advances which it had made to him in excess of commissions earned by him as a salesman in its employ from October 23, 1959 to May 20, 1960.

Bacon brought his action against the company by writ of summons dated November 20, 1961. His declaration is in two counts. The first count alleged that the company was indebted to him in the sum of $2,418.54 which though

often requested it had refused to pay. The second count consisted of the common counts. Apparently the jury found in his favor on the first count since their verdict was for the sum alleged in such count.

The controversy between the parties arose out of a disagreement over the terms of compensation under which Bacon was employed by the company to work as one of its salesmen. The company claimed that his compensation was to be exclusively from commissions on sales made by him but that he was allowed a drawing account in the amount of $75 weekly as an advance on commissions to be earned. Bacon on the other hand claimed that he was to be paid a salary of $75 a week plus commissions.

On this issue there was a sharp conflict in the evidence. Bacon and his wife, who for a time was the bookkeeper for the company, testified that the hiring was on the salary basis claimed by Bacon. On the other hand, the president and treasurer of the company, Stanley Porter, who conducted the negotiations preliminary to the hiring of Bacon, testified positively that he was to be compensated for his services solely by commissions on sales which he made and that he was never carried on the books of the company as a salaried employee. Entries from the books were introduced in evidence by the company as exhibits which tended to corroborate such testimony.

From our reading of the transcript we have been impressed with the sharply conflicting testimony of the witnesses which inevitably created a serious problem in the first instance for the jury to solve and ultimately for the trial justice in passing on the motions for a new trial. We shall not discuss such testimony here at any further length or express our opinion on its weight or the credibility of the witnesses. Suffice it to say that we have read the transcript and the trial justice's decision with particular care to determine whether he erred in disturbing the verdicts of the jury.

446

It is clear from his decision that he disagreed totally and emphatically with the jury's findings because in his opinion the documentary evidence introduced by the parties did not support the testimony of Bacon and his wife and also because he did not believe their testimony. Moreover in the exercise of his independent and more experienced judgment in weighing the evidence and passing upon the credibility of the witnesses, he concluded that the evidence in support of the company's position was overwhelming and therefore the jury's verdicts clearly failed to respond to the true merits of the controversies and do substantial justice between the parties.

If the trial justice in passing upon the motion for a new trial has not misconceived or overlooked material evidence his decision will not be disturbed by this court unless it is clearly wrong. *Soucy* v. *Alix*, 79 R. I. 499. In the instant case we do not find from our examination of the transcript that he failed to perform his duty in either respect. In our opinion the evidence was such that we cannot say he was clearly wrong in weighing it as he did and in passing adversely on the credibility of the testimony of Bacon and his wife. Since it was clear to him in the light of his independent judgment that the jury's verdicts failed to respond to the true merits of the controversies and failed to do substantial justice, it was his duty to set the verdicts aside and grant new trials. It would have been error not to do so in such circumstances. *Carey* v. *Albro*, 85 R. I. 459; *Cavallaro* v. *Sharp*, 84 R. I. 67.

In such case the exception of Louis J. Bacon is overruled, and each case is remitted to the superior court for a new trial.

*William E. Parmenter, Jr.,* for New England Window Co., Inc.

*Fergus J. McOsker* for Louis J. Bacon.